## Sugg, et al. v. Williams, et al.

(Decided March 25, 1921.)

### Appeal from Allen Circuit Court.

1. Mines and Minerals—Oil and Gas Leases—Completed Well for Purpose of Avoiding a Forfeiture—Completed Well for Purpose of Relieving Lessee of Liability to Pay Rent.—Where a lease provides for the completion of a well within a specified time on pain of forfeiture, the drilling of a well into the oil bearing sands will be regarded as the completion of a well for the purpose of avoiding the forfeiture, but as the lessor is entitled either to royalties from a producing well, or to rental in lieu thereof, the drilling of a dry hole will not be regarded as a completed well, so as to relieve the lessee of the liability thereafter to pay rent.

2. Mines and Minerals.—Oil and Gas Leases—Abandonment—Forfeiture.—Though a failure to complete a well or pay rent may some-

times be considered as sufficient, if unexplained, to support the charge of abandonment, ordinarily no forfeiture will be declared in the absence of a forfeiture clause.

3. Mines and Minerals—Oil and Gas Leases—Forfeiture.—Where the development of property was not the sole consideration, but the lessors received $1,000.00 in cash and the lessees within one year drilled four wells into the oil bearing sands and tendered the rental within twenty-one days after the beginning of the second year, no forfeiture will be declared because of the delay in tendering the rental, even though the language of the lease be such as to imply a forfeiture.

4. Mines and Minerals—Oil and Gas Leases—Abandonment.—In an action to quiet title to an oil and gas lease, evidence held insufficient to support the charge of abandonment.

GILLIAM & GILLIAM and NOEL F. HARPER for appellants.

OLIVER & DIXON for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

On May 16, 1918, R. R. Williams and wife, and S. E. Williams and wife, in consideration of $1,000.00 cash, executed to W. D. Sugg an oil and gas lease. The lease contained the following provisions:

"First. Lessee agrees to commence a well upon said premises within one year from this date or thereafter pay to lessors rentals as hereinafter provided until a well is completed or the property hereby granted is reconveyed to lessors.

"In the event a well has not been completed on the premises within one year from date hereof (unavoidable accidents and delays excepted), the lessee may thereafter pay a yearly rental of $1.00 per acre, payable quarterly in advance until a well is completed, which payments for delay in completing well may be made direct to R. R. and S. E. Williams or deposited to their credit in the First National Bank of Scottsville, Ky., which payment shall fully and completely extend this lease from time to time until a well is completed, and lessors agree to accept said payments of rentals when made and to mail receipts of same to the lessee. And it is further agreed that the lessee may at any time remove all his property and reconvey the premises hereby granted which conveyance said lessors agree to accept, and thereupon this instrument shall become null and void, and the payments which shall have been made be held by the lessors as the full stipulated damages for

non-fulfillment of the foregoing contract. And it is agreed that all the terms and conditions hereof shall extend and apply to the heirs, executors, administrators and assigns of the parties above mentioned. In witness whereof the parties have hereunto set their hands and seals, this day and year first above written.''

Thereafter Sugg transferred a half interest in the lease to F. E. West. Within the first year of the lease, the lessees drilled four wells into the oil bearing sands at an expense of about $2,500.00, but the wells were nonproductive. They then pulled the casing, plugged the wells and moved their drilling outfits to adjoining territory. On June 5, 1919, Sugg mailed a check for $50.00 to the lessors, which they declined to accept.

This suit was brought by Sugg and West to quiet their title to the lease. The defendants pleaded in substance that plaintiffs did drill four dry holes during the first twelve months of the lease, but that they drew the casing therefrom and plugged each of the holes and moved off and abandoned the lease without completing a well within the meaning of the contract. They further alleged that plaintiffs failed to pay the rental until twenty-one days after it was due, and that by reason of these facts the lease had been forfeited. On final hearing judgment was rendered dismissing the petition and cancelling the lease. Plaintiffs appeal.

The case is not controlled by chapter 24, Acts 1920, since all the acts complained of occurred prior to its enactment.

We have written that where a lease provides for the completion of a well within a specified time on pain of forfeiture, the drilling of a well into the oil bearing sands will be regarded as a completion of a well for the purpose of avoiding the forfeiture. H. H. Kies v. A. Lee Williams, et al., 190 Ky. 596. But as the lessors are entitled either to royalties from a producing well or to rental in lieu thereof, it seems to us that the drilling of a dry will not be regarded as a completed well, so as to relieve the lessee of the liability thereafter to pay rent. Here the lease does not provide that it shall be null and void on the lessee's failure to complete a well or pay rent, and though a failure in these respects may sometimes be considered as sufficient, if unexplained, to support the charge of abandonment, ordinarily no forfeiture will be declared in the absence

of a forfeiture clause. Thornton's "The Law of Oil and Gas," section 180. Ohio Valley Oil & Gas Co. v. Irvin Development Co., et al., 184 Ky. 517, 212 S. W. 110. In this case the development of the property was not the sole consideration. On the contrary, the lessees paid the lessors $1,000.00 in cash. The lessees within one year drilled four wells into the oil bearing sands. Twenty-one days after the beginning of the second year, they tendered the rental to the lessors. Even if the language of the lease be such as to imply a forfeiture, none will be declared under the circumstances here presented.

But it is insisted that the judgment was proper because the charge of abandonment was sustained. It may be doubted if the plea of abandonment is properly presented by the answer, but conceding that it is, we conclude that the evidence is not sufficient to support the plea. This evidence consists of the fact that the lessees pulled the casing and plugged the wells, and one of them said to S. E. Williams and to the driller: "I think we have given her a fair test. We will go over to the Kelly lease, and if we don't get oil there, to hell with all of them." On the other hand, the testimony for the lessees is that they went to the adjoining property because they wanted quick production, but intended to return to the property in question. If, after leaving the premises, the lessees had failed for an unreasonable length of time, either to return or to pay the rent, it might be said that they had abandoned the lease. But, having tendered the rentals within a reasonable time, it is apparent that the above remark was due to irritation caused by the failure to strike oil, and considered in connection with the subsequent conduct of the lessees, was not sufficient to show abandonment. Since the lease was neither forfeited nor abandoned, it follows that the lessees were entitled to a judgment quieting their title to the lease.

Judgment reversed and cause remanded with directions to enter judgment in conformity with this opinion.